Beatrice JOHNSON, et al.   Plaintiffs

v.

**PARKE–DAVIS, A Division of the Warner–Lambert Company, et al.   Defendants**

**No. CIV. A. 3:00CV215BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 21, 2000.

Edward Blackmon, Jr, Blackmon & Blackmon Law Firm, Canton, MS, Julian Dewayne Thomas, Julian Dewayne Thomas, Attorney, Jackson, MS, for Plaintiffs.

William F. Goodman, III, Patrick N. Harkins, III, Frank A. Wood, Jr., Watkins & Eager, Jackson, MS, for Defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand and the Motion of Defendant Warner–Lambert Company ("Warner–Lambert") to Strike the Affidavit of Calvin Ramsey, M.D. After considering the motions, responses, and all supporting and opposing material, the Court finds that the Motion to Strike is well taken and should be granted. The Motion to Remand is not well taken and should be denied.

### I. Background

Plaintiffs filed this pharmaceutical products liability action in the Circuit Court of Holmes County, Mississippi on March 27, 2000. In addition to two corporate defendants, the complaint names five sales representatives. The complaint alleges the following causes of action with regard to the manufacture, marketing and sale of Rezulin, an alternative medication to insulin for diabetics: (1) strict products liability against the corporate Defendants, (2) negligence against all Defendants in regard to the manufacture and testing of the drug and in regard to warning of its potential side effects, (3) breach of implied warranty against all Defendants, (4) negligent misrepresentation against all Defendants, (5) fraud against the sales representative Defendants, and (6) negligence against the sales representative in regard to a duty to ascertain the truth of representations made regarding the drug.

Warner–Lambert removed the case to this Court on April 19, 2000, alleging that, although the sales representatives are all Mississippi residents, this Court has diversity of citizenship jurisdiction because the sales representatives were fraudulently joined to avoid federal jurisdiction. Warner–Lambert argues that Plaintiffs have no possibility of maintaining a cause of action against the sales representatives. Alternatively, Warner–Lambert contends that this Court has jurisdiction because one of the Plaintiffs is in bankruptcy and this matter relates to that bankruptcy. 28 U.S.C. §§ 1334, 1452.

Plaintiffs have moved to remand the case arguing that they have alleged valid causes of action against the sales representatives.

### II. Motion to Strike

■ Plaintiffs have presented the affidavit of Calvin Ramsey, M.D. in support of their claims against the named sales representatives for failure to warn, fraudulent or negligent misrepresentation and breach of an implied warranty. Warner–Lambert moves to strike Ramsey's affidavit on alternative grounds: (1) that his opinion is based on information not properly considered by him in forming such an opinion and (2) his opinion is irrelevant to Plaintiffs' claims against the named sales representatives. The Court finds the motion well taken on the second ground and hereby strikes the affidavit.

None of Ramsey's testimony tends to prove that any of the named sales representatives made any representations directly to any of the Plaintiffs, or to any of their personal physicians. Ramsey does not claim to have been any of the Plaintiffs' physician. Therefore, his testimony

does not tend to prove that any of the named sales representatives failed to warn any of the Plaintiffs of the alleged dangers of Rezulin or made any warranty as to its safety. For these reasons, the Court finds that Ramsey's affidavit is irrelevant to Plaintiffs' claims against the named sales representatives.

### III. Motion to Remand

Once a case has been removed from state court pursuant to 28 U.S.C. § 1441(a), a federal district court may remand a case to state court if it finds that it lacks proper subject matter jurisdiction. 28 U.S.C. § 1447(c). Complete diversity and an amount in controversy over $75,-000.00, exclusive of costs and interest, are required in cases based on diversity of citizenship under 28 U.S.C. § 1332. There is no question that the amount in controversy requirement is met in this case because Plaintiffs seek $ 200,000,000.00 each in compensatory damages and $1,000,000,000.00 in punitive damages. The issue in this case, therefore, is whether complete diversity exists. Warner–Lambert contends it does exist because the sales representatives were fraudulently joined.

■ Where the removing party alleges jurisdiction on the grounds that a non-diverse party was improperly joined, the removing party bears the burden of proving such allegations. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990) (citing *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187 (5th Cir.1989)), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). The defendant must establish that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). The Court may "pierce the pleadings" to determine wheth-

er there is a "possibility that a state court would find a cause of action stated on the facts alleged by the plaintiff." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981).

Although Warner–Lambert contends that only Count Five of the complaint and the unnumbered Negligence count following Count Five apply to the sales representatives, the Court notes that Counts Two, Three and Four of the complaint are alleged against "the defendants," thus applying to the sales representatives. However, as the Court reads the complaint, each of the allegations involving the sales representatives falls into one of three categories: (1) failure to warn Plaintiffs of the alleged dangers of Rezulin; (2) fraudulent or negligent misrepresentation[1] as to the safety of Rezulin, and (3) breach of implied warranty. For the reasons discussed below, the Court finds that Plaintiffs have no possibility of maintaining a cause of action against the sales representatives in state court and that they were joined solely for the purpose of avoiding federal jurisdiction.

■ Plaintiffs allege that the sales representatives breached a duty to warn Plaintiffs of the potential dangers and side effects of Rezulin. The Court first notes that there is no factual basis for this claim. While Plaintiffs claim that the sales representatives owed them a duty to warn, there is no evidence, nor do Plaintiffs argue in their motion, that any of the named Plaintiffs, or their physicians, ever received any Rezulin from the named sales representatives. Plaintiffs have failed to establish any connection between themselves and the named sales representatives. Although Plaintiffs presented the affidavit of Calvin Ramsey, as discussed above, none of the Plaintiffs were his patients, so none of his testimony is relevant to prove that the named sales representatives owed any duty to Plaintiffs.

---

1. The elements of each are the same. *See Levens v. Campbell,* 733 So.2d 753, 762 (Miss. 1999).

■ Alternatively, Plaintiffs have cited no authority for the proposition that the sales representatives, as opposed to the manufacturer, had any duty to warn. Moreover, as Warner–Lambert points out, any duty to warn that it or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians. *See Wyeth Laboratories, Inc. v. Fortenberry*, 530 So.2d 688, 691 (Miss.1988) (citing the learned intermediary rule). Plaintiffs assert that Defendants failed to provide their physicians with adequate information upon which to make an informed decision as to whether to prescribe Rezulin. However, this merely goes to show that Defendants breached the duty they owed to Plaintiffs' physicians, and Plaintiffs cite no authority to rebut the contention of Warner–Lambert that the duty to warn does not extend to Plaintiffs. Also, once again, there is no evidence that any of the named sales representatives provided any of the Plaintiffs or their physicians with Rezulin, thus there is no way that any of the named sales representatives could have owed a duty to any of the Plaintiffs. Therefore, Plaintiffs have no cause of action against the named sales representatives for failure to warn.

■ Plaintiffs next make various claims of misrepresentation against the sales representatives. In order to maintain a cause of action for fraud or misrepresentation, Plaintiff must prove the following elements:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Allen v. Mac Tools, Inc.*, 671 So.2d 636, 642 (Miss.1996). Suffice it to say that Plaintiffs have no proof, and in fact do not argue in their motion to remand, that any of the named representatives made any representations directly to any of the Plaintiffs. Thus, none of the Plaintiffs was the "hearer" of any of the sales representatives' alleged misrepresentations. *Id.* Nor is there proof that any representations were made to any of the Plaintiffs' physicians. Again Plaintiffs have failed to establish any connection between themselves and the named sales representatives. Plaintiffs have not rebutted the affidavit testimony of the sales representatives that none of them ever made any representations to Plaintiffs or to the general public upon which liability to Plaintiffs for fraud could be based. Therefore, Plaintiffs have no cause of action against the named sales representatives for fraud or misrepresentation.

■ Finally, Plaintiffs allege that the sales representatives breached an implied warranty of merchantability. Once again, Plaintiffs' failure to establish a factual connection between themselves and any of the named sales representatives dooms their claim. First, the Court notes that Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product. Additionally, even if the named sales representatives were the warrantors of Rezulin, Plaintiffs have no proof that any of them, or their physicians, purchased or received any Rezulin from any of the named sales representatives. Therefore, Plaintiffs have no cause of action against any of the named sales representatives for breach of an implied warranty of merchantability.

## IV. Conclusion

For all the foregoing reasons, the Court finds that Plaintiffs have no possibility of maintaining a cause of action against Defendants Lee Miers, III, David J. Lemoine, Alice E. Bonar, Liesl Daly Bold, or Phillip Thrower. The case was, therefore, properly removed. Because the Court

finds that Plaintiffs' Motion to Remand should be denied on those grounds, it does not address the bankruptcy issue raised by Warner–Lambert.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is hereby denied. This Court shall retain jurisdiction over this matter.

IT IS THEREFORE FURTHER ORDERED that the Motion of Defendant Warner–Lambert Company to Strike the Affidavit of Calvin Ramsey, M.D. is hereby granted.

IT IS THEREFORE FURTHER ORDERED that Plaintiffs' claims against Defendants Lee Miers, III, David J. Lemoine, Alice E. Bonar, Liesl Daly Bold, and Phillip Thrower are hereby dismissed with prejudice.